UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

FLOYD D. MARLOW,

        Petitioner,

        v.                              Case No. 05-C-0824

CATHERINE J. FARREY,

        Respondent.

**ORDER DENYING MOTION TO HOLD PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On August 3, 2005, Floyd D. Marlow petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the direction of Magistrate Judge Aaron E. Goodstein, the State responded to the petition on January 27, 2006. Then, on February 3, 2006, Marlow filed a motion asking this court to hold his petition in abeyance. The motion was denied without prejudice, as was a second motion for a stay and abeyance, filed on February 15, 2006.

Now before the court is a March 7, 2006, filing entitled "Petitioner's Petition to Reconsider Denying Request to Hold Petitioner's Writ of Habeas Corpus in Abeyance." Although petitioner titled this motion as one for reconsideration, the court construes it as a refiling of his motion to stay and hold the habeas petition in abeyance. Also pending for decision is the fully briefed petition for writ of habeas corpus.

**MOTION FOR STAY AND ABEYANCE**

Ordinarily, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *See Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665,

667 (7th Cir. 1990). However, if dismissal would essentially bar a future habeas petition because of the statute of limitations, the case may be stayed and held in abeyance to provide the petitioner the opportunity to exhaust remaining claims. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to first exhaust his claim in state court, the unexhausted claim is potentially meritorious, and the petitioner did not engage in intentionally dilatory litigation tactics. *Id.* In a habeas case involving a mixed-petition, and the court determines that stay and abeyance is inappropriate, the petitioner should be allowed to dismiss any unexhausted claims and proceed with the exhausted claims, if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal habeas review. *Id. State v. Escalona-Naranjo,* 185 Wis. 2d 168, 181 (1994), makes it clear that post-conviction proceedings under Wis. Stat. § 974.06 cannot be used to review issues which either were or could have been litigated on direct appeal, effectively precluding further state review of such unexhausted claims.

In the latest version of his motion for stay and abeyance, Marlow asserts that he would like the state court to determine whether the charge of first degree reckless homicide, while armed, as a party to a crime, is an offense under Wisconsin law. However, the Wisconsin Supreme Court has already denied Marlow's petition for certiorari on this issue after he failed to present it during his direct appeal to the Wisconsin Court of Appeals.[1] *See State v. Marlow*, 275 Wis.2d 297 (2004). Thus, he has procedurally defaulted the issue.

---

[1] Marlow also submitted the issue to the United States Supreme Court in a petition for a writ of certiorari which was denied on December 13, 2004.

2

The procedural default doctrine is grounded in principles of comity, federalism, and judicial efficiency. *See Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004)*.* It

> preclude[s] a federal court from reaching the merits of a habeas claim when either (1) that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds, or (2) the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred.

*Id.* In other words, "when the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Id.*

But "the procedural default doctrine does not impose an absolute bar to federal relief." *Id.* Instead, "it provides only a strong prudential reason, grounded in 'considerations of comity and concerns for the orderly administration of justice' not to pass upon a defaulted constitutional claim presented for federal habeas review." *Id. (citing Dretke v. Haley*, 541 U.S. 386, 392-93 (2004)). However, there are equitable exceptions to the doctrine. *Id.* If a petitioner demonstrates "cause for the default and prejudice resulting therefrom," or that a "miscarriage of justice would result if his claim were not entertained on the merits," the procedural default will not bar a federal court from granting relief on a habeas claim. *Id.*

To establish cause for the procedural default, "a petitioner ordinarily must show that some external impediment blocked him from asserting his federal claim in state court." *Id.* at 514-15. A showing of prejudice requires a petitioner to bear the burden of demonstrating, "not merely that the errors at his trial created a *possibility* of prejudice, but

3

that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 515. In the event that a petitioner "cannot show cause and prejudice but instead seeks to overcome his procedural default by establishing the prospect of a miscarriage of justice, then he must demonstrate that he is actually innocent of the crime for which he was convicted – that is, he must convince the court that no reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court." *Id.*

Marlow's petition raises the following claims: (1) there was insufficient evidence to support his conviction; (2) his due process rights were violated; (3) the state court committed an error when it denied his motion to sever his trial from that of his co-defendant; (4) the trial court failed to give proper jury instructions regarding his co-defendant; (5) the trial court improperly denied his motion to strike a particular juror; and (6) his trial and appellate counsel were ineffective. However, only three were exhausted. These include the claims based on insufficient evidence, denial of the motion to sever and denial of the motion to strike a juror.

Sufficiency of the evidence

Marlow submits that there was insufficient evidence to support his conviction. The United States Supreme Court has stated that the standard applicable to a habeas corpus petition claiming insufficient evidence to support a conviction is whether a rational trier of fact could have found proof of guilt beyond a reasonable doubt from the evidence adduced at trial. *See Jackson v. Virginia*, 443 U.S. 307, 318-19 and 324 (1979). Moreover, the reviewing court must consider the evidence in the light most favorable to the

4

prosecution. *See id.* at 319. The Wisconsin Court of Appeals applied this standard when it analyzed and rejected petitioner's claim.

The Wisconsin Court of Appeals pointed to the following evidence as sufficient to support the guilty verdict: (1) Marlow was placed at the crime scene; (2) he stated that he and his co-defendant killed a man; and (3) three casings found at the murder scene were from Marlow's gun. *See State v. Marlow*, 275 Wis.2d 277, *2-3 (Wis. Ct. App. 2004). Based upon these findings, the Wisconsin Court of Appeals found that "there [was] ample evidence" to support Marlow's conviction. *Id.* at *3. Further supporting the guilty verdict is testimony that Marlow's co-defendant shot the victim, as well as testimony placing Marlow and his co-defendant together right after the shooting with guns in hand. For these reasons, the Wisconsin Court of Appeals decision is not contrary to, or involved an unreasonable application of, clearly established United States Supreme Court law nor is it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

<u>Right to due process</u>

Next Marlow argues, relying on *In Re Winship*[2] and *Jackson v. Virginia*,[3] that his Fourteenth Amendment right to due process was violated because no intent is necessary to prove a reckless homicide, yet Wis. Stat. § 939.05, the "party to a crime" statute requires a showing of intent or premeditation before or at the time of an offense. Thus, Marlow reasons, a conviction of a first degree reckless homicide while armed as a

---

[2] 397 U.S. 358 (1970) (juveniles, as well as adults, have a constitutional right to have each element of a crminal offense proven beyond a reasonable doubt).

[3] 443 U.S. 307 (1979) (a state prisoner is entitled to federal habeas relief if the court finds that no rational jury would have found petitioner guilty beyond a reasonable doubt).

5

party to a crime violates his right to have all the elements of the crime proven to a jury beyond a reasonable doubt. However, Marlow failed to raise this claim on direct appeal.

This court is mindful that a ruling on the merits of the Marlow's due process claim would require a *de novo* review as there is no state court decision respecting that claim. *Perruquet*, 390 F.3d 518 (7th Cir. 2004). Such a decision by this court "would be inconsistent with the high level of deference to state-court decisions that Congress mandated when it passed the Antiterrorism and Effective Death Penalty Act of 1996." *Id.* at 518. This would mean that Marlow, like Perruquet, "would win plenary review of a claim that he never presented" to the Wisconsin state courts, "whereas habeas petitioners who properly present their claims to state courts first are entitled only to the extremely narrow review mandated by section 2254(d)." *Id.* Accordingly, this court declines to rule on the merits of the Marlow's due process claim because his failure to exhaust his state remedies has resulted in a procedural default under 28 U.S.C. §2254(b)(1)(a). Furthermore, Marlow has not demonstrated cause for the default and prejudice resulting therefrom. Lastly, he failed to demonstrate that he was actually innocent of the crime to establish the prospect of a miscarriage of justice.

<u>Motion to sever</u>

Marlow also argues that the trial court committed an error when it denied his motion to sever his trial from that of his co-defendant. The Wisconsin Court of Appeals stated that severing of the trials is only indicated when a defendant can show "'actual prejudice' - that is, the defendant must show that [he] could not possibly have a fair trial without a severance." *See State v. Marlow*, at *7 (quoting *United States v. Caliendo*, 910 F.2d 429, 437 (7th Cir. 1990)). The state Court of Appeals held that no prejudice occurred

6

and that the trial court did not erroneously exercise its discretion in denying Marlow's motion to sever.

Three reasons were cited for the decision. First, the court stated that the defenses of Marlow and his co-defendant were not antagonistic. *See State v. Marlow*, at *8. Second, the court stated that the actual conduct of the co-defendant's defense (i.e., his alibi defense) was not prejudicial to Marlow's contention that the State failed to meet its burden of proof. *See State v. Marlow*, at *8-9. Third, the court stated that the evidence against the co-defendant was not grossly disparate from the evidence introduced against Marlow. *See State v. Marlow*, at *9. Also, the appeals court noted that the trial court instructed the jury so that it was within its capacity to consider each defendant separately. *See State v. Marlow*, at *9 (quoting the standard from *United States v. Clark,* 989 F.2d 1490, 1500 (7th Cir. 1993). Additionally, the court stated that after looking at the record, it was unable to conclude that the evidence in the case was so complex that the jury was unable to follow the trial court's instructions to consider the evidence against each defendant separately. *See State v. Marlow*, at *10. The rulings by the Court of Appeals' are not contrary to, nor do they involve an unreasonable application of clearly established United States Supreme Court law. Moreover, they are not based on an unreasonable determination of the facts in light of the evidence presented during Marlow's State court proceeding.

Improper jury instruction

Marlow maintains that the trial court erred by failing to instruct the jury properly as to his co-defendant pursuant to *Zafiro v. United States*, 506 U.S. 534 (1993). *Zafiro* was an appeal concerning the denial of the petitioners' motions to sever. The

7

Supreme Court found that "[w]hen the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but, as we indicated in *Richardson v. Marsh*, less drastic measures, such as limiting instructions often will suffice to cure any risk prejudice." *Id.* at 539 (citation omitted). Although Marlow failed to raise this claim in his direct appeal, and has therefore, procedurally defaulted it, he would not be entitled to habeas relief on this ground even if he had not defaulted. The Wisconsin Court of Appeals held that because Marlow's trial and appellate counsel failed to object to the trial court's failure "to read a more specific limiting instruction to the jury . . . any such claim is waived." *See State v. Marlow*, at *10.

### Denial of the motion to strike juror

In addition, Marlow asserts that the trial court erred when it refused to strike a particular juror for cause. He contends that the juror was objectively biased and should have been stricken for cause. He noted that the juror 1) expressed disgust with the number of shootings in Milwaukee (and in his neighborhood) and 2) said that Marlow must have done something wrong to be a defendant at trial. The Wisconsin Court of Appeals observed that the juror did not ultimately serve on the panel that heard the case because one of the parties used a peremptory strike to remove him. *See State v. Marlow*, at *11. The court, relying on *State v. Lindell*, 245 Wis.2d 689 (2001) held that, because the juror did not serve on the jury, petitioner's rights were not violated. *Id.* As with the other claims presented to and decided by the Wisconsin Court of Appeals, the holding on this issue is not contrary to, or involved an unreasonable application of clearly established United States Supreme Court law, nor is it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

8

### Ineffective assistance of counsel

Marlow's final argument is that his trial and appellate counsel were ineffective for neglecting to object to the trial court's failure to give a more specific limiting instruction to the jury. This issue was also not presented in his direct appeal. However, unlike the claims that he has procedurally defaulted on, petitioner would have the opportunity to present this issue in a Wis. Stat. § 974.06 motion to the trial court and a *Knight* petition to the Wisconsin Court of Appeals. On the other hand, Marlow has not shown good cause for his failure to raise this issue in the trial court or his state appellate proceedings.

Regardless, good cause does not end the inquiry because the one-year limitation of 28 U.S.C. § 2244(d) must be taken into account. Marlow's state court judgment became final when the United States Supreme Court denied his petition for a writ of certiorari on December 13, 2004, and this habeas petition was filed on August 3, 2005. Thus, 233 days of Marlow's limitations period have expired, leaving him with 132 days. This means that dismissal of his ineffective assistance of counsel claim would not bar a future habeas case due to the statute of limitations and that an order staying and holding this case in abeyance is unnecessary. Consequently,

IT IS ORDERED that Marlow's petition to reconsider denying request to hold petitioner's writ of habeas corpus in abeyance is DENIED as moot.

IT IS FURTHER ORDERED that Marlow's ineffective assistance of counsel claim is DISMISSED.

IT IS FURTHER ORDERED Marlow's petition for writ of habeas corpus is DENIED.

9

IT IS FURTHER ORDERED that this case is DISMISSED.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE